IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS CHRISTOPHER WATSON, | ) | |
| #236 044, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-397-SMD |
| | ) | [WO] |
| WEXFORD MEDICAL, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, against Dr. Tahir Siddiq and Wexford Health Sources, Inc. Pending is Plaintiff's request for a preliminary injunction. Doc. 7-1. He requests Defendants be enjoined from denying him treatment for hepatitis or an order directing that he receive a medical release on probation so that he may seek free world medical treatment for his condition. Defendants filed a response to Plaintiff's request for issuance of a preliminary injunction regarding his medical claims. Doc. 20. Upon consideration of Plaintiff's motion for preliminary injunction and Defendants' response, the court concludes that the motion for preliminary injunction should be denied.

**II. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial

likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

### III. DISCUSSION

The medical defendants submitted an affidavit from Dr. Siddiq with relevant excerpts from Plaintiff's medical records. Docs. 20, 26. Defendants argue Plaintiff has failed to show a substantial likelihood of success on his Eighth Amendment claim for inadequate medical care. A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, an inmate must show

that: (1) the prison officials had subjective knowledge of a risk of serious harm; (2) the prison officials disregarded that risk; and (3) the conduct rises above mere negligence. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). To establish an objectively serious deprivation of medical care, a prisoner must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. *Kelley v. Hicks*, 400 F.3d 1282, 1284 n. 3 (11th Cir. 2005).

Delay of treatment for a serious condition can rise to the level of deliberate indifference where delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified. *Taylor*, 221 F.3d at 1259-60 (11th Cir. 2000) (*citing Hill v. Dekalb Reg'l Youth Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled on other grounds by, Hope v. Pelzer*, 536 U.S. 730, 739 (2002)); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997). Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. *Farrow v. West*, 320 F.3d 1235, 1247 (11th Cir. 2003).

Assuming Plaintiff suffers from a serious medical condition, Defendants' evidence reflects he has received timely, appropriate, attentive, and adequate medical treatment from both prison healthcare staff and free world medical providers for his medical issues and concerns regarding his complaints of abdominal pain. Specifically, Plaintiff underwent a thorough examination in

March of 2020 at a free world hospital for his complaints of abdominal pain which included x-rays and CT scans. These objective tests failed to show any serious medical need or cause of the abdominal pain about which Plaintiff complained.

Dr. Siddiq continued to routinely examine and treat Plaintiff in April and May of 2020, and it was determined that Plaintiff should receive a colonoscopy which he underwent in June of 2020. The colonoscopy detected polyps but no other problems or issues were noted. In July of 2020 Plaintiff received an x-ray of his lumbar spine which reflected only mild degenerative changes. Plaintiff's medical records also show he was treated for prostatitis. Dr. Siddiq affirms that he prescribed Plaintiff a one-month regimen of Doxycycline to treat the condition.

Medical staff are also aware of Plaintiff's hepatitis status. Dr. Siddiq states Plaintiff is closely watch and is followed in the chronic care clinic every six months for the status of his hepatitis. Plaintiff's liver functions are regularly monitored and Dr. Siddiq testifies that if Plaintiff's liver reflects signs of deterioration, he would be referred to the Alabama Department of Corrections which is the entity responsible for decisions regarding the provision of treatment to inmates with hepatitis. Dr. Siddiq states Plaintiff is not showing signs of liver failure or any indications requiring treatment for his chronic hepatitis at present. Dr. Siddiq affirms that Plaintiff's requests for medical treatment have not been ignored, neglected, or delayed nor have any medical providers interfered with Plaintiff's ability to receive necessary medical care or treatment. Doc. 20-1 at 1–9, 26, 33, 40, 49; Doc. 26 at 3–8.

After reviewing the medical records submitted in response to Plaintiff's request for preliminary injunctive relief, the court cannot say Plaintiff has shown a substantial likelihood of success on the merits. The court finds no evidence that reflects any defendant has been indifferent to Plaintiff's health conditions or concerns. To the extent there exists a difference in medical

opinion on the provision of medical care, a difference in medical opinion will seldom rise to the level of a constitutional violation and based on the records filed does not do so here. *Hamm v. DeKalb*, 774 F.2d 1567, 1575 (11th Cir. 1985) (where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment."). Further, Plaintiff has failed to demonstrate there is a substantial threat he will suffer irreparable injury if the injunction is not granted or that the threatened injury to him would outweigh the adverse impact to the public interest in the administration of the prison system. Plaintiff has also not alleged that he will suffer irreparable harm from the absence of treatment for hepatitis if he is not afforded immediate relief. Since there is no contention that he will suffer irreparable injury, this court cannot find the existence of such harm. The court also cannot determine that an injunction ordering Defendants to provide a specific treatment or evaluations outweighs the potential damage to the opposing parties or the public interest.

For these reasons, a preliminary injunction is not warranted. Therefore, Plaintiff's motion for a preliminary injunction (Doc. 7-1) is DENIED.

DONE this 2nd day of October, 2020.

   /s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE